# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ELISEO GARCIA #57842-180 | § |
| | § |
| V. | §  A-09-CA-152-LY |
| | § |
| UNITED STATES OF AMERICA | § |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint, which has been construed as a civil action under Section 1331 of Title 28 of the United States Code, seeking the return of his property (Document No. 1); the Government's Motion to Dismiss, which the Court construed as a Motion for Summary Judgment (Document No. 13); Plaintiff's response thereto (Document No. 14); the Government's Motion for Summary Judgment (Document No. 16); and Plaintiff's response (Document Nos. 17-18). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis. Because the Government has filed a separate Motion for Summary Judgment, the Government's previously filed Motion to Dismiss should be dismissed. For the reasons set forth below, the undersigned finds that the Government's Motion for Summary Judgment should be granted.

## BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in Pine Prairie Correctional Institution. Plaintiff was subsequently transferred to the Oakdale Federal Detention Center and was later transferred to the Adams Correctional Center in Washington, Mississippi. Plaintiff seeks the return of his property seized at the time of his arrest. In his original complaint the property of which Plaintiff complained appeared to include his real property, $3,880.00, a 1999 Ford F150 Truck, and a 2000 Ford Excursion. Plaintiff has now clarified that the Government did not seize his real property. See Plaintiff's response #18 at 2.

Plaintiff's action has been construed as a civil action under Section 1331 of Title 28 of the United States Code, seeking the return of his property. See Taylor v. United States, 483 F.3d 385, 387 (5th Cir. 2007). Plaintiff denies his personal property was connected to any criminal activity. Instead, he asserts the property was related to his construction company.

The Government moves for summary judgment, arguing notice of the seizure and forfeiture satisfied due process. The Government explains on March 22, 2006, ICE agents seized Plaintiff's personal property pursuant to a federal search and seizure warrant. The warrant application described a conspiracy involving Plaintiff and others in an alien smuggling and harboring operation. A complaint was filed on March 23, 2006, against Garcia in Cause number A-06-MJ-106. Shortly thereafter, the United States filed a motion to dismiss the complaint on the basis that a complaint alleging the same violations had been filed against Plaintiff in the Laredo Division of the Southern District of Texas. The Court granted the motion to dismiss.

On April 4, 2006, Plaintiff was indicted in the Southern District of Texas for conspiracy to conceal, harbor, or shield undocumented aliens for private financial gain in violation of 8 U.S.C.

2

§ 1324(a)(1)(A)(ii), (a)(1)(A)(v)(I), and (a)(2)(B)(ii). See United States v. Garcia, No. 5:06-CR-522-011 (S.D. Tex.) Plaintiff pleaded guilty to Count Four of the indictment on July 13, 2006, and received an 80-month sentence of imprisonment. Plaintiff appealed his conviction. The Fifth Circuit dismissed the appeal as frivolous. Garcia v. United States, No. 07-40711 (5th Cir. Sept. 18, 2008).

Attached to the Government's Motion for Summary Judgment is the Declaration of Deanna J. Mitchell, Seizure and Forfeitures Paralegal Specialist with Customs and Border Protection. See Government's Exh. K. Mitchell indicates on April 17, 2006, U.S. Customs and Border Protection sent a letter to Garcia, giving him notice of the pending administrative forfeiture of $3,880.00, a 1999 Ford F150 and a 2000 Ford Excursion. See Government's Exh. K and G. The letter explained that the subject personal property was subject to forfeiture under 8 U.S.C. § 1324(b). Id. The letter also stated the process for filing a claim and the deadlines for filing a claim. Id. In addition, Mitchell indicates the U.S. Customs and Border Protection published notice of the forfeiture in the Austin American Statesman on May 24, 2006, May 31, 2006, and June 7, 2006. See Government's Exh. K and J.

Garcia admits to receiving the notice dated April 17, 2006. See Government's Exh. H. In addition, Mitchell indicates the U.S. Customs and Border Protection received the certified mail receipt signed by Garcia, showing that he received the notice at the jail where he was housed at the time. See Government's Exh. K and I. Neither Garcia nor his attorney filed an appropriate claim. See Government's Exh. K. According to Mitchell, Garcia's attorney filed a petition for review of the forfeiture, which did not seek judicial intervention, and the petition was denied. Id. Accordingly, Garcia's personal property was declared forfeited on February 9, 2007.

## ANALYSIS

In general, a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions. United States v. One 1987 Jeep Wrangler, 972 F.2d 472, 480 (2d Cir. 1992). However district courts do have jurisdiction to entertain collateral due process attacks on administrative forfeitures. United States v. Giraldo, 45 F.3d 509 (5th Cir. 1995) (citing United States v. Woodall, 12 F.3d 791, 793 (8th Cir. 1993) ("the federal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements")).

The Fifth Amendment's Due Process Clause entitles individuals whose property interests are at stake to "notice and an opportunity to be heard." United States v. James Daniel Good Real Property, 510 U.S. 43, 48, 114 S. Ct. 492 (1993). The Supreme Court has determined the "reasonableness under the circumstances test" of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S. Ct. 652 (1950), not the balancing test approach of Mathews v. Eldridge, 424 U.S. 319, 335, 96 S. Ct. 893 (1976), supplies the appropriate analytical framework for the due process analysis. Dusenbery v. United States, 534 U.S. 161, 122 S. Ct. 694 (2002). Pursuant to Mullane, notice of an agency's intent to forfeit property is sufficient if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," whether or not the interested parties receive actual notice. Dusenbury, 122 S. Ct. at 700.

In this case Plaintiff admits he received the notice mailed to him by U.S. Customs and Border Protection. In addition, notice was published in the Austin American Statesman for three consecutive weeks. The notice explained the procedure for filing a claim in order to contest the forfeiture action in United States District Court. The notice also provided the deadline to file a

4

claim. Accordingly, the due process requirements were met in this case. As such, the forfeiture is valid, and Garcia has waived judicial challenge to it by failing to file a timely claim and post bond. See United States v. Woodall, 12 F.3d 791, 795 (8th Cir. 1993).

## RECOMMENDATION

The undersigned recommends that the District Court **DENY** the Government's Motion to Dismiss and **GRANT** the Government's Motion for Summary Judgment.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of August, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE